STEPHEN GREENLEAF, JR. *versus* RACHEL HILL, *Ex'rx.*

Where A has obligated himself to pay money to another, so soon as paid to him by a third person, the taking by him of a new note of such third person, upon an extended pay-day, is to be regarded as a payment received by A.

The statute of 1844 "to secure to married women their rights in property," was prospective only.

By the common law, a note made payable to a married woman belongs to her husband.

THIS was an action against Mark Hill upon a contract of which the following is a copy.

"Whereas I hold a note signed Reuben Wing and Nathan Carver, for $300,00 and interest, (dated January 18, 1837,) annually in four years from date ; also a note against the same persons for $245,00 and interest, annually, in two years of same date, now, for value received, I promise to pay Jane Greenleaf Hill, one-eighth of said sums when collected.

"February 23, 1837.                              Mark Hill."

Mark Hill having deceased, said Rachel, the executrix, took upon herself the defence of the suit.

To maintain the action, the plaintiff introduced Reuben Wing and Nathan Carver, who testified that on the 18th of January, 1837, they purchased land of Mark, and gave him the notes mentioned in said contract; that they paid the smaller note to said Mark in about three years from its date ; that on the 30th of November, 1843, having previously paid the interest on said $300 note, they took it up by giving said Mark their six new notes of $50 each, the said Mark giving an extension of time ; and that they had fully paid the same, the last payment having been made in February, A. D. 1847.   Said Wing testified that he paid the last of the $50 notes within one month after it became payable ; could not state the precise time ; it might be as late as February 25, 1847.

At the time Mark Hill gave the said contract to Jane Hill Greenleaf, she was the wife of the plaintiff, having been mar-

ried to him about the middle of October or November, 1835. She died in 1846, leaving a child, which is yet living.

The note in suit was repeatedly seen in the plaintiff's possession in 1841 and 1842. The testimony also showed that the plaintiff had exhibited said note to counsel, during the lifetime of his wife.

There was no evidence to show, that Wing and Carver were unable to pay promptly, or that said Jane or the plaintiff consented to the said extension of pay-day.

The writ was dated February 17, 1847.

Upon the foregoing case the court are to enter judgment as the rights of the parties require, having power to draw inferences, as a jury might.

*G. F. Emery,* for plaintiff.

1. The contract, at its inception, became the husband's property. *Templeton* v. *Cram,* 5 Greenl. 417 ; *Savage* v. *King,* 17 Maine, 301.

2. But if property of the wife, it was reduced to possession by him, in her lifetime.

3. No special demand necessary. *Dodge* v. *Perkins,* 9 Pick. 368 ; *Coffin* v. *Coffin,* 7 Greenl. 298.

4. The receiving of new notes for the old one is, between these parties, to be considered as payment.

5. Annual interest is claimed from the date of the notes, up till the principals thereon were respectively paid.

*Dunn,* for defendant.

1. At the common law, this action is not maintainable. To entitle the husband to the personal property of his wife, he must reduce it to possession, *during coverture.* *Thrasher* v. *Little,* 22 Maine, 335 ; 3 Stew. 375.

In 2 Kent's Commentaries, 135, the law is very distinctly stated, that, "as to debts due to the wife at the time of her marriage, or afterwards, by bond, note or otherwise, and which are termed choses in action, the husband has power to sue for and recover the same ; and when recovered and reduced to possession, and not otherwise, the money becomes absolutely his. And the rule is the same if a legacy or distributive

share, fall to her during coverture." Then follows the princi-
ple that, if the wife dies before he has, by such collection, re-
duced to possession her choses in action, he cannot do it after-
wards.

The case, *Legg* v. *Legg*, 8 Mass. 99, is decisive for defend-
ant. It is there settled, that, if the husband does not reduce
the chose to possession, by collection during coverture, he can-
not afterwards. See also, as decisive, the cases of *Stanwood*
v. *Stanwood*, 17 Mass. 57, and *Nash* v. *Nash*, as there cited.
In *Rowland* v. *McDonald*, Law Magazine, May No. page
477, the same principle is fully laid down.

The case *Shuttlesworth* v. *Shuttlesworth*, 8 Mass. 229, does
not apply here, because, in that case, the wife was living and
the marriage undissolved.

2. The statutes of March 27, 1844, and August 21, 1847,
are positive and clear against the plaintiff's right to recover.
The suit should be brought by the administrator or heir of
the wife.

HOWARD, J., orally. — The court is to draw inferences as a
jury might. The $245 note was paid to defendant's intestate.
His acceptance of the new notes was, in legal contemplation,
a payment of the $300 note.

The contract now in suit was given to a married woman,
who has since deceased. The question is, whether her surviv-
ing husband can maintain a suit upon it, it being contended
by defendant that it should have been brought only by her
administrator or heir, she having left a child which is still liv-
ing.

By the common law, the contract, in its origin, belonged to
the husband. In legal construction, it was made to him.
The right of action upon it was his. The statutes cited do
not apply. They only operated prospectively. The contract
in suit was made prior to their enactment. The defence is not
maintained.

Interest having been received annually by defendant's intes-
tate, upon the two notes, till the principals were paid, annual

Greenleaf *v.* Hill.

interest is now to be computed from the date of the notes, till the principals were paid thereon respectively.

On the amounts thus acertained, simple interest only is to be cast, and the plaintiff is to have judgment for one-eighth of the aggregate.

*Defendant defaulted.*